**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FELICIANO GALLEGOS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ON HABEAS CORPUS,<br><br>　　　　Respondent. | Case No. 1:14-cv-01911-BAM-HC<br><br>ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AS SUCCESSIVE (DOC. 1)<br><br>ORDER DISMISSING PETITIONER'S MOTION FOR A RULING (DOC. 9)<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND DIRECTING THE CLERK TO CLOSE THE CASE |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting his consent in a document signed by Petitioner and filed by Petitioner on December 29, 2014 (doc. 7). Pending before the Court is the petition, which was filed on November 26, 2014.

　I.　Background

In the document filed as a habeas petition on November 26,

2014, Petitioner asks this Court to issue a certificate of appealability with respect to a decision of the California Supreme Court in a habeas corpus proceeding which Petitioner describes as case number S220575, dated October 29, 2014.  (Pet., doc. 1, 1.)  Petitioner does not expressly identify the underlying judgment that was being challenged in the proceeding.  He identifies grounds relating to a failure to grant an evidentiary hearing and DNA testing pursuant to state law, the failure of the Madera County Superior Court and other officers to give information concerning the filing of a motion for DNA testing, and the absence of various forms of physical evidence of an altercation on the date of an incident, which petitioner identifies as September 3, 1985.  (Id. at 1-2.)

Although Petitioner purports to be seeking a certificate of appealability regarding his claims, such relief would be appropriate only if the Court had already ruled against Petitioner in this proceeding.  At this stage of the proceedings, the Court understands Petitioner to be seeking relief in the form of a writ of habeas corpus.

II.   Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief

2

1 available to the Petitioner; 2) state the facts supporting each
2 ground; and 3) state the relief requested.  Notice pleading is not
3 sufficient; rather, the petition must state facts that point to a
4 real possibility of constitutional error.  Rule 4, Advisory
5 Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420
6 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).
7 Allegations in a petition that are vague, conclusory, or palpably
8 incredible are subject to summary dismissal.  Hendricks v. Vasquez,
9 908 F.2d at 491.
10  Further, the Court may dismiss a petition for writ of habeas
11 corpus either on its own motion under Habeas Rule 4, pursuant to the
12 respondent's motion to dismiss, or after an answer to the petition
13 has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976
14 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir.
15 2001).
16  A petition for writ of habeas corpus should not be dismissed
17 without leave to amend unless it appears that no tenable claim for
18 relief can be pleaded were such leave granted.  Jarvis v. Nelson,
19 440 F.2d 13, 14 (9th Cir. 1971).
20  III.  Successive Petition
21  Because the petition was filed after April 24, 1996, the
22 effective date of the Antiterrorism and Effective Death Penalty Act
23 of 1996 (AEDPA), the AEDPA applies to the petition.  Lindh v.
24 Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484,
25 1499 (9th Cir. 1997).
26  In the present case, it may be inferred that Petitioner is
27 challenging convictions of assault with a deadly weapon and first
28 degree murder that he sustained in the Madera County Superior Court

3

in 1985 and/or the sentence of twenty-five years to life imposed for those offenses in 1986.  Although the identity of the judgment in question is not expressly identified by Petitioner, it may be inferred from 1) Petitioner's reference to September 3, 1985, as the date of the incident in question, 2) the nature of Petitioner's claims, which relate to procedural, evidentiary, and possibly even substantive aspects of Petitioner's conviction, and 3) the fact that Petitioner is serving an indeterminate sentence of twenty-five years to life.

Under the AEDPA, a federal court must dismiss a second or successive petition that raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The Court must also dismiss a second or successive petition raising a new ground concerning the same judgment unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and the new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.  28 U.S.C. § 2244(b)(2)(A)-(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.  Section 2244(b))3)(A) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  In other words, a petitioner must obtain leave from the Ninth

1  Circuit before he or she can file a second or successive petition in
2  the district court.  See, Felker v. Turpin, 518 U.S. 651, 656-57
3  (1996).  This Court must dismiss any claim presented in a second or
4  successive habeas corpus application under section 2254 that was
5  presented in a prior application unless the Court of Appeals has
6  given Petitioner leave to file the petition.  28 U.S.C.
7  § 2244(b)(1).  This limitation has been characterized as
8  jurisdictional.  Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper
9  v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).
10      A disposition is "on the merits" if the district court either
11 considered and rejected a claim, or determined that an underlying
12 claim would not be considered by a federal court.  McNabb v. Yates,
13 576 F.3d 1028, 1029 (9th Cir. 2009) (citing Howard v. Lewis, 905
14 F.2d 1318, 1322 (9th Cir. 1990)).  A dismissal of a federal habeas
15 petition on the ground of untimeliness is a determination "on the
16 merits" for purposes of the rule against successive petitions such
17 that a further petition challenging the same conviction is "second
18 or successive" for purposes of 28 U.S.C. § 2244(b).  McNabb v.
19 Yates, 576 F.3d at 1029-30.  This is because such a dismissal is a
20 permanent and incurable bar to federal review of the underlying
21 claims.  Id. at 1030.
22      Here, Petitioner has repeatedly filed petitions challenging the
23 Madera County judgment.  In 2002, this Court dismissed a petition
24 for writ of habeas corpus in which Petitioner challenged the Madera
25 County judgment because the federal petition was untimely and
26 successive.  The Court takes judicial notice of the order granting
27 Respondent's motion to dismiss and dismissing the petition in that
28 proceeding, Gallegos v. Butler, case number 1:02-cv-05458-HGB(HC),

5

filed on October 24, 2002.  (Doc. 16 at 10.)[1]  In that order, the Court in turn took note of the Court's earlier denial on the merits of a previously filed petition challenging the Madera County judgment in Gallegos v. Borg, case number 1:89-cv-00107-REC-GGH-P. (Doc. 16 at 3.)  Thus, the present petition attacking the merits of the Madera County judgment is successive.

    Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the convictions.  That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from the conviction under section 2254 and must dismiss the petition.  See, Felker v. Turpin, 518 U.S. 651, 656-57; Burton v. Stewart, 549 U.S. 147, 152; Cooper v. Calderon, 274 F.3d 1270, 1274.  If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit.

    IV.   Dismissal of Petitioner's Motion

    Because the petition will be dismissed for lack of subject matter jurisdiction, Petitioner's motion for a ruling on the petition, filed on April 3, 2014, will be dismissed as moot.

    V.   Certificate of Appealability

    Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28

---

[1] The Court may take judicial notice of court records.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd., 645 F.2d 699 (9th Cir. 1981).

U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Habeas Rule 11(a).

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, the Court will decline to issue a certificate of

7

appealability.

VI. <u>Disposition</u>

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED as successive; and

2) Petitioner's motion for relief, filed on April 3, 2015, is DISMISSED as moot; and

3) The Court DECLINES to issue a certificate of appealability; and

4) The Clerk is DIRECTED to close this action because the dismissal terminates the action in its entirety.

IT IS SO ORDERED.

Dated: **April 14, 2015**    /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE